BOWLING, Justice,
for the Court:
Appellant Eddie Jones appeals from a decree of the Chancery Court of Lauderdale County granting appellee a permanent injunction together with monetary damages and attorneys’ fees.
Appellee, Robert E. Ackerman, owned a restaurant in Meridian, Mississippi, with a portion of the restaurant being what is commonly known as a “lounge.” Appellee leased this lounge area to appellant. A short time thereafter, in some manner not clarified in the record, and in connection with a possible option to purchase the res *1283 taurant by appellant Jones, appellant loaned appellee the sum of $5,000 and received from appellee the following instrument:
26 Feb. 1980
I certify that I, Robert E. Ackerman, have received of Eddie Jones the sum of $5,000 to be repaid by 15 May 1980 at the interest rate of 10 percent.
As secure (sic) I pledge my interest I have in the property known as Virginia Restaurant.
In the event of default, I Robert E. Ackerman, agreed (sic) to pay all costs for attorney fees to recover said amount of $5,000 plus interest.
/s/ Robert E. Ackerman
May 15, 1980, passed without appellant being paid the loan. The subsequent events are rather bizarre, to say the least. On June 6, 1980, appellant Jones collected a group of his friends and admittedly armed with firearms and other instruments broke into appellee’s restaurant and took over the entire premises after it had closed for the day. These alleged debt “self-helpers” occupied the premises overnight and until the next afternoon, when they were served with a temporary injunction from the chancery court upon the petition of appellee. Appellant after being served with the injunction called off the “self-help” he was using to take over the alleged pledged property to which he claims to be entitled to under the terms of the above set out instrument.
Appellant filed his motion to dissolve the temporary injunction. There is no need to lengthen this opinion by quoting the testimony of the parties and their witnesses. There was an abundance of testimony requiring the lower court to deny appellant’s motion to dissolve the injunction and issue its decree making the injunction permanent.
On August 20, 1980, the lower court held a hearing to consider the request in the original petition for damages done to appel-lee’s property and for attorneys’ fees. At this hearing, the parties stipulated that no new evidence would be introduced, but that the court would decide these questions on the record made in the attempted dissolution proceedings. The chancellor issued the decree reaffirming the injunction was to be permanent. The decree further allowed ap-pellee items of damages, plus lost profits, in the total sum of $1,654. These damages included various things, from the consumption by the self-helpers of an apple pie to the disappearance of $800 in cash. There was no testimony whatever to refute the various items of damage.
The court further ordered appellant to pay to appellee attorneys’ fees in the sum of $1,200.
Appellant contends that the chancellor erroneously failed to dissolve the injunction, erred in issuing a permanent injunction, and in assessing damages and attorneys’ fees.
In regard to the alleged error in not dissolving the temporary injunction, we need only to state that the record is clear that appellant took the law into his own hands with his friends. His contention that he had statutory authority so to do under the Uniform Commercial Code is without any merit.
The question of the allowance of damages to the original petitioner who secures a permanent injunction and attorneys’ fees upon him receiving a successful conclusion, is not without some difficulty. These questions have not been answered precisely by the Court in any case involving the facts and circumstances hereinabove related. In regard to the question of damages, V. Griffith, Mississippi Chancery Practice, § 437, p. 434 (2d ed. 1950), seems to settle the question. There it is said:
Injunction ordinarily draws entire cause into equity.
But the subject matter of the jurisdiction to grant an injunction, as regards the various cases or occasions calling for its exercise in one form or another, belongs to the substantive law, is not within the scope of a text on procedure and cannot, therefore, be further enlarged upon here, except that it must be noticed, as having *1284 a procedural connection, that in our state, as a general rule, the equity of the injunction will be sufficient to draw the whole case into equity for a full determination of all its features, although all other features be purely of law, and this, not only because of the long settled judicial policy of our state that when a cause comes into equity for one purpose the court acquires jurisdiction of it, for all purposes but because also of an express provision in our state constitution that in all cases where the chancery court heretofore exercised jurisdiction auxiliary to courts of common law it may exercise jurisdiction to grant the relief sought although the legal remedy may not have been exhausted or the legal title established by a suit at law; and there is another subject so closely related to procedure that a summary of it ought to, and will be included at this point, and that is the matter of enjoining proceedings at law and prohibiting the enforcement of judgments.
It would only lengthen court procedure to require appellee to file a separate suit in the county or circuit court to recover alleged damages. The chancery court took jurisdiction of the parties and the controversy between them when the bill of complaint for an injunction was filed. We, therefore, hold that the chancery court had jurisdiction to proceed with a determination of whether or not the damages requested in the bill of complaint were proper and should be allowed. As hereinabove stated, there was no proof whatever to offset the positive proof of appellee, regarding the damages allowed by the chancellor, and we cannot say that the chancellor was manifestly wrong in any item of damages allowed.
A different question arises when we consider whether the chancellor had authority to allow attorneys’ fees to the appellee in pursuing his injunctive relief. We find no authority one way or the other on this question. The Legislature has not seen fit to grant such authority. It only has granted authority for the chancellor to allow damages to the respondent in injunction proceedings in the event the injunction was wrongfully sought. Miss.Code Ann., § 11— 13-37 (1972). See also Griffith, supra, §§ 464 — 465. We are, therefore, forced to conclude that the chancellor was in error in allowing attorneys’ fees to appellee, and the cause, as to that portion of the decree, is reversed and rendered here.
We, therefore, affirm the cause on all issues except the allowance of attorneys’ fees to appellee in the amount of $1,200 and affirm the granting of a permanent injunction and the decree for damages in the amount of $1,654. We hold that appellee is not entitled to any sum representing attorneys’ fees.
Appellee’s motion to strike portion of brief or limit same is overruled.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C. J. and SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.