PAYNE, J„ for the Court:
PROCEDURAL HISTORY
¶ 1. This action commenced on May 13, 1997, when the McCains filed their complaint against the Colliers in the Chancery Court of the First Judicial District of Pa-nola County, Mississippi. The complaint sought injunctive relief against the Colliers to remove a mobile home from the McCains’s property. The complaint also sought actual and punitive damages.
¶ 2. The case was heard on September 5, 1997. The chancellor ruled in favor of the McCains and ordered the Colliers to move the mobile home off of the McCains’ property. The chancellor also awarded the McCains a judgment in the sum of $1,000. Feeling aggrieved, the Colliers filed their appeal pro se.
¶3. Having reviewed the evidence and arguments presented, we affirm the chancellor as to the issue pertaining to the injunction. However, we reverse and render as to the issue concerning attorney’s fees.
FACTS
¶ 4. The Colliers’ daughter owned a mobile home. This mobile home was placed on land which belonged to the Colliers and the McCains. Robert Moore, a civil engineer and surveyor, testified that the trader was partially located on property not belonging to the Colliers.
¶ 5. At trial, Hoyle McCain testified that the easement to his land was blocked because of the vehicles parked near the mobile home. James Beard, a former owner of both tracts of land now owned by the McCains and Colliers, testified that he saw the mobile home placed on property not belonging to the Colliers. James Beard also indicated that he informed Mr. Claiborne Collier that he (Collier) was digging a sewage line on property which did not belong to him (Claiborne Collier). Mr. Collier noted that Sarah Beard indicated to him that the trailer was on her property and that “it was alright, too, for the trailer to remain there.”
ISSUES PRESENTED-
¶ 6. The issue presented is taken directly from the brief of the pro se appellant.
I. APPELLANTS (COLLIER) DID HIRE AN ATTORNEY, ADAM PITTMAN, TO REPRESENT THE COLLIERS IN THE CASE AS MR. SHU-LER HAS MENTIONED THAT NOTHING WAS PRESENTED IN COURT- AS EVIDENCE. IN THIS CASE THE COLLIERS HIRED MR. PITTMAN, THINKING HE WAS THEIR ATTORNEY AND HAD TAKEN AN OATH TO REPRESENT THEM IN A COURT OF LAW. THIS IS NOT THE CASE, AS THE COURT RECORDS WILL SHOW.
*1204 ¶ 7. This case originated as a property question. However, the question presented by the Colliers on appeal centers on the conduct of their attorney.
¶ 8. The Colliers argue that their attorney failed to perform to their expectations. Specifically, the Colliers complain that Attorney Pittman failed to introduce certain evidence before the chancery court. The evidence which the Colliers argue should have been introduced is a survey— “Mr. Land’s survey,” and testimony from Mr. Land. They insist that Attorney Pittman failed to present this survey, because had he done so “he [Pittman] would have proven to the court where the acre of land was and that the McCains’s were not the legal owners of the land that said trailer was on that the trader was on the Beard’s land.” Likewise, the Colliers claim in their brief that “Mr. Pittman did not have any notion to defend my case. He sat back and let Mr. Shuler have the case.”
¶ 9. The Colliers have failed to cite authority to undergird this argument. Furthermore, the Colliers have failed in then-brief to state what “Mr. Land’s survey” would have revealed, other than broadly defining what the survey would have indicated, essentially leaving this Court to assume it would have been beneficial to the Colliers had such a survey existed and been introduced into evidence. We find this citation of error to be without merit.
¶ 10. The Colliers also insist that James Collier should have personally been allowed to introduce evidence at trial. As stated by the Colliers in their brief, “According to the Court Mr. Collier could not enter any evidence in Court that Mr. Pittman (the Colliers’s attorney) had to enter the evidence.” The Colliers have failed to support this argument with legal authority. “This Court has held that it is the duty of an appellant to provide authority and support of an assignment.” Williams v. State, 708 So.2d 1858, 1360 (Miss.1998). Furthermore, “failure to cite any authority may be treated as a procedural bar.... [T]his Court is under no duty to consider assignments of error when no authority is cited.” Id. Having failed to do so, we find this citation of error to be without merit.
¶ 11. Though inartfully drawn, the Colliers argue that attorneys fees should not be awarded to Mr. Shuler — the attorney for the appellees. As stated by Mr. Collier the “Honorable Judge McClure awarded attorney’s fees to Mr. Shuler. This may be right, but I have not found any law allowing Attorney[’]s fees.” “Unless the chancellor is manifestly wrong, his decision regarding attorney fees will not be disturbed on appeal.” Bredemeier v. Jackson, 689 So.2d 770, 778 (Miss.1997). We find error with this decision made by the chancellor. In this action, the mechanism used to secure relief was an injunction. Under Southern Land & Resources Company, Inc. v. Dobbs, 467 So.2d 652, 656 (Miss.1985) (citing Jones v. Ackerman, 403 So.2d 1282, 1284 (Miss.1981)), the supreme court stated that awarding attorney’s fees “to a plaintiff [in our case the McCains] in his successful action seeking permanent injunctive relief’ was incorrect. With that stated, we find that the chancellor should not have awarded attorney’s fees to Mr. Shuler for $1,000.
¶ 12. With the exception of the issue concerning attorney’s fees, we find no identifiable issue which has been presented to this Court which has merit.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF PANOLA COUNTY IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.