## NANCY HUBBARD *v.* H. A. FLYNT.

RES ADJUDICATA. *Chancery practice. Bill asserting trust. Sale. Bill to set aside.*

Where a suit is pending in which the complainant is seeking to establish a trust in a tract of land against the holder of the legal title and his mortgagee, and the latter causes the land to be sold under a power in his mortgage, and purchases the same, the complainant may file an amended or supplemental bill to set aside such sale, if there be any ground therefor, but he also has the right to await the result of his suit, and then file an original bill, upon sufficient cause, attacking such proceedings of sale; and a bill filed for this purpose cannot be defeated on the ground of *res adjudicata,* if the matters contained therein were not presented by the pleadings in the former suit. And the mere fact that such matters might have been introduced into the former suit if the complainant had chosen to do so, does not make them *res adjudicata.*

APPEAL from the Chancery Court of Tishomingo County.

Hon. LAFAYETTE HAUGHTON, Chancellor.

In March, 1877, Nancy Hubbard filed a bill in chancery against the heirs of her deceased son, Green Hubbard, and against his mortgagee, H. A. Flynt, for the purpose of establishing in her favor a trust in a tract of land of which her son

died seized, and which in his lifetime he had mortgaged to Flynt. In May, 1877, after answers had been filed, but before the hearing had been reached, Flynt caused the land to be sold under his mortgage, which contained a power of sale, and himself became the purchaser thereof. In March, 1879, the Chancery Court rendered a decree against all of the defendants; but the case was brought to this court by appeal, and in October, 1880, a decree was here rendered establishing the trust in favor of the complainant and against the heirs of her son, but subordinating her equity to Flynt's rights as mortgagee of the legal title, upon the ground that he had no notice of the trust at the time of taking his mortgage. That case is reported in 57 Miss. 471.

In September, 1880, Nancy Hubbard filed the bill in this cause, alleging that the land had been sold under Flynt's mortgage at a grossly inadequate price; that the sale was made in total disregard of complainant's rights, and charging that Flynt had been guilty of actual fraud in the conduct of the sale. This bill prayed that an account be taken to ascertain the amount due Flynt on his mortgage, and that the complainant be allowed to pay the same, and then to hold the land discharged of Flynt's claim or legal ownership. The defendant demurred to the bill on the ground that the matters therein contained had been settled in the former suit, and thus become *res adjudicata*, and also for want of equity. The demurrer was sustained, and the complainant appealed.

*G. W. Reynolds*, for the appellant.

The illegality and fraud practised by Flynt against the appellant, as alleged in the bill, certainly entitle her to relief, unless she "has had her day in court."

By the decree in the former suit it was adjudged that the complainant was entitled to the land in controversy, subject to Flynt's mortgage. The present suit does not invoke the aid of the court to establish or declare the complainant's title, nor does it seek to invalidate Flynt's mortgage as a lien on the land, these questions having been settled in the former suit.

The ground of complaint in this suit is not that Flynt fore-closed his mortgage while the former suit was pending, but that, in making the sale, frauds, illegalities, and violations of complainant's rights were committed by Flynt which render it void as to her. The object of this suit is to avoid the sale on account of such fraud and illegality, and to protect the complainant's rights as settled in the former suit.

The doctrine of *res adjudicata* does not bar the courts to complainant, because in a former suit the court has adjudged to her a title, which she now asks may be protected. 6 Yerg. 505 ; *Maxwell* v. *King*, 5 Yerg. 460 ; *Witcher* v. *Oldham*, 4 Sneed, 220.

As complainant could not have made this complaint before her rights were ascertained by the former suit, which was con-siderably less than twelve months before she filed this bill, she has been sufficiently prompt in asserting her rights, and the subject-matter of her suit is not *res adjudicata*.

*M. Green*, on the same side.

1. The sole question involved in the former suit was as to the priority of equities in the land.

The matter involved in this suit is that, pending the former suit, appellee entered into and executed a fraudulent scheme to deprive the appellant of the rights she was seeking to enforce in the former suit, and which she did enforce. Now, after she has enforced her right, she seeks by this bill to set aside the frauds whereby she has been deprived of the fruits of her decree. This is an independent subject-matter. That the fraud was committed pending that suit matters not. It is as liable to attack as if committed after decree. It viti-ates everything into which it enters.

The causes of action are different. In the first suit the cause of action was the enforcement of the trust ; in this suit the cause of action is the frauds of appellee whereby appellant is deprived of the trust enforced in the former suit.

The rule on *res adjudicata* is stated clearly in *Cromwell* v. *County of Sax*, 94 U. S. 352, 353.

2. So far as this demurrer is concerned, it admits the fraud (there is no answer denying fraud accompanying it), and there can be no doubt that a sale under a power, if fraudulent, is void.

The trustee must sell to the best advantage to the parties, and if the sale is made unfairly it will be set aside. Jones on Mort., sects. 1860–1862.

*Whitfield & Young*, for the appellee.

We would ask the attention of the court to the following points: —

1. The bill exhibited by appellant for the purpose of establishing the resulting trust referred to in her bill in this behalf, and made a part thereof, was filed on the second day of March, A. D. 1877.

2. The sale complained of took place on the fifth day of May, A. D. 1877.

3. The final decree rendered in said cause was rendered on the twenty-seventh day of March, A. D. 1879, in the court below — nearly two years after the sale under said mortgage.

4. The present bill in this behalf exhibited has for its object the setting aside of said sale of said land, in order that appellant may redeem the same from the said appellee, H. A. Flynt, the beneficiary in said mortgage and the purchaser thereunder.

5. The present bill is exhibited by the same complainant against the same defendant, and about the same subject-matter, after a final determination of the respective rights of said parties in relation thereto.

6. No excuse is rendered, or pretended to be rendered, in the present bill for appellant's not having filed an amended or supplemental bill in said original suit in this behalf, as aforesaid, bringing the matters here complained of before the court in that behalf, notwithstanding no trial thereof was had for nearly two years after the happening of the matters and things complained of in this suit. If she knew of the fraud complained of now, at or before said final trial, or by reasonable diligence could have known of it, it was her duty to have then

and there filed her amended or supplemental bill setting up the fact, which she neglected to do ; and, failing therein, she is now forever estopped therefrom, under the rule and doctrine of *res adjudicata*.   *Lawson* v. *Shotwell*, 5 Cushm. 630 ; *Stewart* v. *Stebbins*, 1 Geo. 66 ; *Keene* v. *Clarke* (1867), 5 Robt. 38.

CAMPBELL, J., delivered the opinion of the court.

It is not true that appellant was compelled to exhibit a supplemental bill in her former suit to have the sale made after her bill was filed set aside.   She might have done so ; but she had the right to await the result of her suit, and then to exhibit her bill to assail the proceeding in execution of the power of sale in the mortgage.   The matter of this bill was not adjudicated in the former suit.   It was not presented by the pleadings, and, therefore, could not have been adjudicated. The mere fact that it might have been introduced into the suit if the complainant had chosen to do so, does not make such matter *res judicata*.   There is a distinction between this and matter involved in the record of the former case, and which, being so involved, might have been litigated and decided, and which is held to be a matter adjudicated because it might have been.   The bill presents facts entitling the complainant to relief, and the demurrer should be overruled.

The decree sustaining the demurrer is reversed, the demurrer overruled, and the cause remanded, for the defendant to answer the bill within thirty days after the mandate herein shall have been filed in the court below.