BUSH, et ux. *v.* CITY OF LAUREL

No. 40,868 October 13, 1958 105 So. 2d 562

*A. S. Scott, Jr.,* Laurel, for appellants.

*Welch, Gibbes & Graves,* Laurel, for appellee.

HOLMES, J.

The appellants, Jim Edd Bush and wife, Mrs. Elma Bush, sued the appellee, City of Laurel, Mississippi, to recover damages for an alleged trespass upon a certain strip of land in Jones County, Mississippi, claimed by the appellants, and for the alleged taking and invasion of said land for public use without making due compensation therefor as provided in Section 17 of the Mississippi Constitution of 1890.

The appellants and the appellee were the owners of adjoining land. The land claimed by the appellee was located immediately south of and adjoining the land of the appellants. The suit arises out of a dispute between the parties as to the location of the boundary line between the properties of the respective parties.

The appellants claimed that the boundary line between the parties was that marked by an old fence line, while the appellee claimed that the true boundary line was that located 40 feet north of the old fence line as revealed by a survey made at the instance of the appellants pursuant to a plan to subdivide their property into a subdivision to be known as the Magnolia Park Place Subdivision to the City of Laurel. The appellee declined to approve and accept a proposed plat of said subdivision which included the disputed strip, but did approve and accept a plat of said subdivision submitted by the appellants which omitted therefrom the disputed strip.

The declaration alleged substantially the following: That the appellants were the owners of a parcel of land in Jones County which was platted and designated as the Magnolia Park Place Subdivision to the City of Laurel; that the appellants also owned a strip of land approximately 40 feet wide which was immediately south of and adjacent to said subdivision; that during the early half of 1954, the appellants employed counsel and a competent surveyor to assist them in laying out and platting what has since become known as the Magnolia Park Place Subdivision; that in August, 1954, said subdivision was officially platted and the plat thereof was accepted by the governing authorities of the City of Laurel; that the aforesaid survey revealed that the boundary line between the properties of the respective parties which had been known and accepted for more than 50 years was erroneous and that the true line lay about 40 feet north of the old line which was marked by an ancient fence; that as a consequence of this discovery, the appellants

were not allowed to incorporate in their subdivision the land lying between the old fence line and the line located by said survey; that the appellee declined to approve a plat of the proposed subdivision which included the strip of land lying between the old fence line and the line north thereof located by the surveyor; that the appellee told the appellants that the property between the two lines was the property of the appellee; that the appellee caused its employees and agents to go upon the disputed strip and put down markers; that in order for the appellants to obtain the approval of the appellee to the proposed plat of the Magnolia Park Place subdivision, the appellants were required to and did omit the disputed strip from the subdivision; that the plat thus submitted and accepted by the appellee was duly filed; that because the appellants were forbidden by the appellee to include in the proposed subdivision the disputed strip of land, the appellants encountered considerable difficulty in attempting to sell lots from the subdivision for the reason that prospective purchasers of such lots were unwilling to buy the same unless the depth of the said lots was extended an additional 40 feet to the old fence line; that subsequently the appellants filed suit in the Chancery Court of Jones County praying an injunction enjoining the appellee from asserting title or ownership to the disputed strip and that a decree of the court was obtained adjudicating the appellee to be a trespasser and enjoining it from entering upon said disputed strip or inerfering with the appellants in the possession of said disputed strip of land; that in a separate suit the appellee also obtained a decree of the Chancery Court of Jones County confirming title to the disputed strip in the appellants; that after great expense, trouble, and financial difficulties, the appellants were finally able to sell off certain of the lots in the disputed area; that as a consequence of the appellee's actions in the matter, the appellants are required to sell lots from said subdivision by

short and succinct lot numbers, followed by difficult and
cumbersome metes and bounds descriptions; that the ap-
pellants later filed suit in the Chancery Court of Jones
County seeking to obtain an alteration or change in the
plat of said subdivision as originally filed; that the peti-
tion seeking to re-plat the said subdivision was dismiss-
ed; that "as a direct and proximate result of the defend-
ant municipality's trespass, plaintiffs have been caused
to sustain great damages in added expenses, and other
obligations, and have been denied the full use and oc-
cupancy of their property in a manner contrary to the
constitution of the State of Mississippi, wherein it is
stipulated that no man can be deprived of his property
without just compensation." The appellants, in their
declaration, demanded damages in the amount of $8,000.

The answer of the City of Laurel denied the material
allegations of the declaration and averred substantially
the following: That the appellee acquired title to certain
property situated in the City of Laurel by deed from
Laurel Realty Company, a corporation, dated March 24,
1930; that a portion of the property thus acquired by the
appellee was contiguous to property subsequently ac-
quired by the appellants on the north; that there had
been delivered to the City of Laurel approximately
$40,000 by interested citizens of Laurel to be known as
the "City of Laurel William Mason Garden Fund," in
trust, the same to be used in connection with the prop-
erty so acquired by the appellee for the purpose of creat-
ing and maintaining a public garden for scientific and
educational purposes; that in 1955, the appellants filed
a suit in the Chancery Court of the Second Judicial Dis-
trict of Jones County against the appellee asserting that
some question had arisen as to the location of the bound-
ary line between the properties of the respective parties,
and seeking a confirmation of the asserted title of the
appellants; that on February 17, 1956, the court entered
a decree in said cause confirming the asserted title of

the appellants; that while this suit was pending and before the rendition of the decree therein, the appellants filed another suit in the Chancery Court of Jones County seeking an injunction to restrain the appellee from asserting any claim to the property involved in this controversy, and that on December 10, 1955, the said injunction was granted; that on January 27, 1957, the appellants filed another action in the Chancery Court of Jones County seeking to vacate the plat which had theretofore been filed with and accepted by the appellee, and to alter the plat as originally filed so as to include therein the disputed strip; that this suit was finally dismissed by the court with prejudice on August 17, 1957; that the appellee has made no claim of right or title to the property of the appellants other than in accordance with decrees and judgments of the chancery court; that more than one year has elapsed since the date of the decrees in said confirmation suit and in said injunction suit; that no assertion of title to the disputed strip has been made by the appellee since the entry of the decree in the aforesaid injunction; that it denies that the appellants are entitled to the recovery of damages as against the appellee in the sum of $8,000 or in any other sum or sums.

As a further part of the appellee's answer, it set up as being clearly distinct and readily separable and as going to the entire cause of action the following:

1. The action of the appellants is barred by the one-year statute of limitation prescribed in Section 732, Vol. 1A Recompiled, Mississippi Code of 1942, providing that "all actions for . . . slanderous words concerning the person or title . . . . shall be commenced within one year next after the cause of action accrued, and not after."

2. Any claim which the appellants had for damages against the appellee should have been presented and litigated in one of the prior suits brought by the appellants against the appellee, and inasmuch as no such claim was there asserted, the same was waived and is now barred under the doctrine of res judicata.

3. The declaration fails to state a cause of action against the appellee inasmuch as no contractual relation is shown between the appellants and the appellee, and no tort on the part of the appellee is alleged.

4. The declaration fails to state any recoverable damages.

On motion of the appellee, the court granted a hearing on the separate defenses. On the hearing, the court, by agreement of the parties, considered in evidence all of the pleadings and the exhibits thereto in the present action and the prior suits, and the further agreement of the parties that the appellee had asserted no claim of ownership to the disputed strip since the issuance and service upon it of the injunction in the injunction suit above referred to. The trial judge found that the appellants in their prior suits, that is, the confirmation suit and the injunction suit, had attempted to split their cause of action, and ''that inasmuch as defendant has made no claim of title or performed any act of possession in regard to the property in question since the issuance of said injunction,'' any claim for damages by the plaintiffs against the defendant was waived by the plaintiffs in said prior suits, and that such claim for damages is now res judicata, and that, therefore, the defendant's motion for dismissal of the current action should have been sustained. Accordingly judgment dismissing the suit of the appellants for damages was entered and the appellants appeal from this judgment.

The appellants assign as error the action of the trial court in sustaining the defense of res judicata. It is the contention of the appellants that since their claim for damages was not asserted or presented in the pleadings or on the trial of the prior confirmation suit and injunction suit, such claim was not embraced or involved in said prior suits, and that the present action of the appellants is not precluded under the doctrine of res judicata.

On the other hand, the appellee contends that since the claim of the appellants for damages might have been propounded and included in the prior suits, the appellants are precluded from asserting their claim under the doctrine of res judicata.

 █ We think that the contention of the appellants is sound and must prevail. The claim of the appellants to an award of damages was not propounded or asserted in the pleadings or on the trial of either of the prior suits and such an award was not essential either to the granting of the injunction or the granting of the decree of confirmation, and the question of the right of the appellants to damages was not embraced or involved in either of the prior suits. It is well settled both under the majority rule and under the prior decisions of this Court that the mere fact that a claim might have been propounded in a prior suit does not make it res judicata if in fact it was not embraced or involved in it.

In 28 Am. Jur., Section 309, page 483, Injunctions, it is said: ''According to the majority rule, however, where damages are not sought as incidental to an injunction, the decree granting an injunction is not a bar to the action at law for past damages on account of the thing enjoined. The theory is that while the court may decree an account of the damages suffered, such an award is in no wise essential to the granting of injunction, and if the plaintiff's right to recover damages is never litigated, it cannot be said that the subject matter of the action for damages is substantially the same as that for equitable relief.''

In the case of Commercial Credit Company, Inc. v. Newman, 189 Miss. 477, 198 So. 303, 305, the Court said: ''It is not true that a former judgment adjudicates every question that could possibly be litigated, and the authorities cited, supra, do not demonstrate the assertion. The rule is tersely stated in Davis v. Davis, 65 Miss. 498, 499, 4 So. 554, 555, in this language: 'The mere fact that a

claim might be propounded in a suit does not make it res judicata if in fact it was not embraced in it. There is much loose talk on this subject in the books, but the true distinction may be found set forth in Hubbard v. Flynt, 58 Miss. 266, according to which the plea of res judicata is not available here.' ''

In the case of Hubbard v. Flynt, supra, the Court said: ''The matter of this bill was not adjudicated in the former suit. It was not presented by the pleadings, and, therefore, could not have been adjudicated. The mere fact that it might have been introduced into the suit if the complainant had chosen to do so, does not make such matter res judicata. There is a distinction between this and matter involved in the record of the former case, and which, being so involved, might have been litigated and decided, and which is held to be a matter adjudicated because it might have been.''

In the case of Hardy v. O'Pry, 102 Miss. 197, the Court said: ''It is true that those things which might have been litigated, as well as those things actually litigated, in the first suit are res judicata; but this means those things 'involved in the record of the former case, and which, being so involved, might have been litigated and decided.' ''

The foregoing prior decisions of this Court were reaffirmed and approved in the very recent case of Van Zandt v. Van Zandt, et al., 86 So. 2d 466.

██ ██ We are accordingly of the opinion that since the matter of damages now sought by the appellants in the present action was not involved or embraced in either of the former suits, the trial court was in error in sustaining the plea of res judicata.

██ ██ The appellee contends, however, that even if the court was in error in basing its dismissal order upon the ground of res judicata, yet if the dismissal order was proper upon any ground, the same should be affirmed even though an insufficient ground was assigned in sup-

port of the court's decision. In support of this contention, the appellee argues that the dismissal order was proper under any one of the other separate defenses set forth by the appellee in its answer, namely, upon the ground that the present action of the appellants is barred under Code Section 732, supra, or upon the ground that the declaration states no cause of action, or upon the ground that the declaration alleges no recoverable damages. We recognize the rule sought to be invoked by the appellee, but we are unable to agree that the record before us affords a proper ground to support the order of dismissal. A casual reading of Code Section 732, supra, readily reveals that the present action of the appellants is not of the type enumerated in said Code section and that said Code section is, therefore, not applicable. ██ █ Further, we are of the opinion that the dismissal order cannot be supported upon the ground that the declaration states no cause of action or that it fails to allege any recoverable damages. It is true that the allegations of the declaration in this case, particularly as to the damages claimed, are general and indefinite. Nevertheless, the remedy of the appellee in the trial in the court below was to move the court to require the appellants to make their declaration more specific and to furnish a bill of particulars as to the damages claimed to have been sustained. The general allegation in the bill, however, is that the appellee committed a trespass in going upon the land of the appellants and if such be proven on the trial, then the appellants would be entitled to recover at least nominal damages even if the proof failed to show any actual damages. We, therefore, think that the declaration is sufficient to withstand the challenge that it fails to state a cause of action or any recoverable damages.

It follows from what we have said that the judgment of the court below must be and it is reversed and the cause remanded.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.