467 So.2d 652 (1985)
SOUTHERN LAND AND RESOURCES COMPANY, INC.
v.
Earline Harper DOBBS.
No. 55501.
Supreme Court of Mississippi.
April 10, 1985.
*653 John Edgar Johnson, III, Eaton, Cottrell, Galloway, Lang & Stone, Gulfport, for appellant.
Jerry O. Terry, Greaves, Terry, Sheely & Holder, Gulfport, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
Southern Land and Resources Company, Inc., (Southern Land) filed suit in the Circuit Court of Harrison County, Mississippi, alleging that Earline Harper Dobbs wrongfully initiated three foreclosures on the deed of trust Dobbs held on Southern Land's property. The circuit court entered an order finding that Southern Land's cause of action was barred by the one-year statute of limitations, Mississippi Code Annotated § 15-1-35 (1972). Alternatively, the trial court held that even if this case was governed by the six-year statute of limitations, Mississippi Code Annotated § 15-1-49 (1972), the case would still be dismissed under the ground of collateral estoppel. From this order, Southern Land appeals, alleging:
1. The trial court erred in applying the one-year statute of limitations to his action for wrongful foreclosure.
2. The trial court erred in holding that the case would be barred under collateral estoppel.

FACTS
Southern Land purchased a 14-unit apartment complex in November of 1977, and in so doing assumed an existing deed of trust in favor of Dobbs.
On June 12, 1981, D.O. Simmons, substituted trustee, initiated the first foreclosure of the deed of trust at Dobbs' instruction, and concluded the sale on July 6, 1981, by selling the property to Dobbs for $35,000. This foreclosure was brought on the grounds that Southern Land was in default in payments. This first foreclosure was held without notice to Southern Land and at a time when the installment payments under the deed of trust were current, contrary to the allegation of default. As a result of this first foreclosure, Southern Land was displaced from possession of the property for 39 days and was halted in its on-going upkeep and restoration of the properties. On August 15, 1981, as the result of a suit by Southern Land the Chancery Court of Harrison County, Mississippi, set aside the first foreclosure sale.
Four days after regaining possession, Southern Land was informed by letter from D.O. Simmons, the substituted trustee, that the deed of trust remained in default based upon the opinion of Dobbs that waste was being committed. This letter listed 16 items which Dobbs demanded to be corrected within 30 days or foreclosure would be initiated. Without examining Southern Land's on-going repairs or consulting with Southern Land's representatives, Dobbs informed Southern Land by letter dated October 2, 1981, that the waste had not been cured and a second foreclosure was being initiated immediately with sale to take place on October 30, 1981. At the same time, Dobbs demanded that Southern Land increase its insurance coverage to $60,000. By letter dated October 12, 1981, Southern Land advised Dobbs that it had complied with the insurance demand and that waste was not being committed as seen by the renovation in preparation for certification from the State Regional Housing Authority.
Nonetheless, Dobbs continued with the second foreclosure, and Southern Land filed a bill of complaint to enjoin this second foreclosure in the Chancery Court of Harrison County, Mississippi. Dobbs' abandoned the second foreclosure after acknowledging failure to comply with the statutory requirements regarding publication for the foreclosure sale. Southern Land had delivered to D.O. Simmons, substituted *654 trustee, a letter dated October 19, 1981, giving notice to Dobbs that Southern Land's position was that the second foreclosure proceeding had been initiated in bad faith and that any further foreclosure proceeding based upon the ground of waste would result in an action at law for wrongful and fraudulent foreclosure. Notwithstanding this notice, Dobbs nevertheless began a third foreclosure on October 22, 1981, three days later, again without examining the on-going renovation. Southern Land again filed a complaint to enjoin the foreclosure in the Chancery Court of Harrison County. The final decree enjoining the foreclosure included the chancellor's finding that there had been an on-going and conscientious effort made in the renovation and repair of the property, and that waste had not been committed.
Southern Land then brought suit in the Circuit Court of Harrison County, alleging that the three foreclosures and the three resulting judicial proceedings to defend the same were based on a pre-conceived plan and a malicious desire on the part of Dobbs to injure Southern Land and to acquire its property without compensation at a time when Dobbs knew that its allegations had no basis in fact. Southern Land alleged that these actions were performed with a gross disregard for its rights and asked for $8,500 actual damages for loss of use and for attorney's fees in recovery of the property, and $750,000 punitive damages for initiating the three wrongful foreclosures, plus attorney's fees.
Dobbs in defense asserted the action was barred by the statute of limitations and bar on the principle of res judicata, claiming that a demand for damages should have been incorporated into Southern Land's third suit to prevent foreclosure in the chancery court.

I.

DID THE TRIAL COURT ERR IN APPLYING THE ONE-YEAR STATUTE OF LIMITATIONS TO AN ACTION FOR WRONGFUL FORECLOSURE?
Yes. This circuit court action was brought more than one year from the date that Southern Land last prevented Dobbs from foreclosing the property.
Mississippi Code Annotated § 15-1-35 reads as follows:
§ 15-1-35. Limitations applicable to actions for certain torts.
All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, and for libels, shall be commenced within one year next after the cause of such action accrued, and not after.
This statute does not apply to an action for damages for wrongful foreclosure.
In Dennis v. Travelers Insurance Co., 234 So.2d 624 (Miss. 1970), we held that § 15-1-35 "provides an inclusive listing of the recognized intentional torts". Id. at 626. Dennis cites Bush v. City of Laurel, 234 Miss. 93, 105 So.2d 562 (1958), in which this Court held that the one-year statute of limitations did not apply to an action for trespass upon land which sought to recover damages including expenses involved in initiating injunction proceedings to protect real property. In Bush, this Court reversed a dismissal of a suit for damages in which the defendant alleged the one-year statute of limitations as a bar to recovery. This Court stated, with respect to the one-year statute:
A casual reading of Code Section 732 [15-1-35], readily reveals that the present action of the appellants is not of the type enumerated in said Code section and that said Code section is, therefore, not applicable.
234 Miss. at 103, 105 So.2d at 566. Southern Land argues that Bush stands for the proposition that the one-year statute of limitations is not applicable to an action for damages with respect to real property.
Dobbs contends that the one-year statute of limitations should apply, even though this action is not one of those listed by that statute because of other language in Dennis, as follows:

*655 There can be no escape from the bar of the statute of limitations applicable to intentional torts by the mere refusal to style the cause brought in a recognized statutory category and thereby circumvent prohibition of the statute.
Id. at 626. It is the contention of Dobbs that Southern Land's action clearly charges an intentional tort.
Our catch-all statute of limitations, Mississippi Code Annotated § 15-1-49, is as follows:
§ 15-1-49. Limitations applicable to actions not otherwise specifically provided for.
All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.
The six-year statute of limitations applies to this case because an action for wrongful or fraudulent foreclosure is synonymous with the early common law action known as "trespass on the case". The policy in Mississippi has been to provide a short one-year statute of limitations for listed intentional torts and a long six-year statute of limitations for "case" actions. Revised Code of Mississippi Chapter LVII, Sec. II, Art. 5, (1857):
All actions ... on the case founded upon any promissory note... . all other actions on the case, except actions for false imprisonment, malicious arrest, or for slanderous words and libels; all actions for waste, and for trespass upon land... . or property ... shall be commenced within six years next after the cause of such action accrued, and not after.
This six-year statute of limitations has been brought forward, with some revision, from the Code of 1880 (§ 2669) to the present form as Mississippi Code Annotated § 15-1-49 (1972).
By the same token, the one-year statute of limitations has remained unchanged since its enactment in the Revised Code of Mississippi Chapter LVII, Sec. II, Art. 7 (1857):
All actions for assault, battery, maiming, false imprisonment, malicious arrest, or menace and all actions for slanderous words concerning the person or title, and for libels shall be commenced within one year next after the cause of such action accrued, and not after.
This one-year statute of limitations has been carried forward from the Code of 1871 (§ 2152) to its present form as Mississippi Code Annotated § 15-1-35 (1972).
From a review of the legislative history it is apparent that the policy of providing a one-year statute of limitations for listed intentional torts and a six-year statute for causes of action "upon the case" has been perpetuated in this state. Therefore, the wrongful or fraudulent foreclosure of property action constitutes a case action which should be governed by the six-year statute of limitations.
Under the rationale of Dennis, which construes § 15-1-35 to provide an all-inclusive listing of the recognized intentional torts, and the rationale of Bush v. City of Laurel, supra, the trial court was in error in applying § 15-1-35 to this action. The only listed tort in the one-year statute of limitations that applies to real property is slander of title. This case is not a slander of title action.

II.

DID THE TRIAL COURT ERR IN BARRING THE WRONGFUL FORECLOSURE ACTION ON THE GROUND OF COLLATERAL ESTOPPEL?
Yes. The trial court apparently concluded that Southern Land should have joined its claim for damages in the wrongful foreclosure action in its last suit to stop Dobbs' foreclosure. Although the findings of fact in the last injunction action stated that Southern Land was not guilty of waste, it was silent as to whether Dobbs' initiation of the foreclosure proceeding was wrongful or fraudulent. This proposition is controlled by Dunaway v. W.H. Hopper *656 & Associates, Inc., 422 So.2d 749 (Miss. 1982), in which we said:
Collateral estoppel applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated.
Id. at 751. See also, Johnson v. Bagby, 252 Miss. 125, 171 So.2d 327, 331 (1965).
Furthermore, we have held that a chancellor did not have authority to allow attorney's fees to a plaintiff in his successful action seeking permanent injunctive relief. In Jones v. Ackerman, 403 So.2d 1282 (Miss. 1981), we said:
We find no authority one way or the other on this question. The legislature has not seen fit to grant such authority. It has only granted authority for the Chancellor to allow damages to the respondent in injunction proceedings in the event the injunction was wrongfully sought. Miss. Code Ann. § 11-13-37 (1972). See also Griffith, Mississippi Chancery Practice, §§ 464-65 (2nd ed. 1950)
Id. at 1284.
Bush v. City of Laurel, 234 Miss. 93, 105 So.2d 562 (1958), also applies to this second assignment of error. In Bush, a property owner was involved in a number of prior suits with the City of Laurel over a disputed strip of land, in which the property owner prevailed. Bush then filed an action to recover damages for trespass and for other damages incurred incidental to the prior actions. The trial court dismissed the claim on the ground of res judicata because the action should have been brought in the prior confirmation or injunction suit.
This Court reversed, stating:
We think that the contention of the appellants is sound and must prevail. The claim of the appellants to an award of damages was not propounded or asserted in the pleadings or on the trial of either of the prior suits and such an award was not essential either to the granting of the injunction or the granting of the decree of confirmation, and the question of the right of the appellants to damages was not embraced or involved in either of the prior suits. It is well settled both under the majority rule and under the prior decisions of this Court that the mere fact that a claim might have been propounded in a prior suit does not make it res judicata if in fact it was not embraced or involved in it.
In 28 Am.Jur., Section 309, page 483, Injunctions, it is said: "According to the majority rule, however, where damages are not sought as incidental to an injunction, the decree granting an injunction is not a bar to the action at law for past damages on account of the thing enjoined. The theory is that while the court may decree an account of the damages suffered, such an award is in no wise essential to the granting of injunction, and if the plaintiff's right to recover damages is never litigated, it cannot be said that the subject matter of the action for damages is substantially the same as that for equitable relief."
234 Miss. at 101, 107 So.2d at 565-66. This Court concluded that since the matter of damages sought by the appellant in the present action was not involved or embraced in either the confirmation or injunction suit, the trial court was in error in sustaining the plea of res judicata.
Dobbs argues that under National Mortgage Company v. Williams, 357 So.2d 934 (Miss. 1978), this Court recognized that where a mortgagor brings an action against the mortgagee to recover damages for wrongful foreclosure, the mortgagor must elect between (1) having the sale set aside, or (2) recovering from the mortgagee the damages suffered as a result of the wrongful foreclosure. Id. at 936. It follows naturally, according to Dobbs, that since Southern Land has consistently chosen to have the sale set aside, it has elected not to recover damages for the wrongful foreclosure. This overlooks the fact that, even if this were true as to the first foreclosure by Dobbs, damages were never sought nor recovered in the actions to enjoin the second and third foreclosures so that as to those separate and distinct causes of action, Southern Land could not be *657 barred by collateral estoppel. The damages sought in the case sub judice in the circuit court were not sought in the second nor third injunction actions in chancery court, nor were they litigated. Collateral estoppel cannot apply.
Collateral estoppel precludes parties from relitigating a specific issue actually litigated at a prior time, determined by and essential to the judgment in the former action. Where damages are not sought as incidental to an injunction, the decree granting an injunction is not a bar to an action at law for past damages. Bush v. City of Laurel, 234 Miss. at 102, 107 So.2d at 566.
We, therefore, find that there is merit to both assignments of error, and we reverse and remand.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.