596 So.2d 870 (1992)
Eugene STEWART, Sr. and Bessie Mae Stewart
v.
GUARANTY BANK AND TRUST COMPANY OF BELZONI and H.R. Varnado, Jr.
No. 89-CA-90.
Supreme Court of Mississippi.
March 25, 1992.
*871 Thomas J. Lowe, Jr., Jackson, for appellants.
William C. Trotter, III, Garrard & Trotter, Belzoni, for appellees.
Before DAN M. LEE, P.J., and PITTMAN and BANKS, JJ.
DAN M. LEE, Presiding Justice, for the Court:
On June 16th 1988, the Chancery Court of Humphreys County dismissed Eugene and Bessie Mae Stewart's complaint, which prayed that the Chancery Court set aside a deed of trust and a non-judicial foreclosure. Feeling aggrieved, the Stewarts appeal, asserting three assignments of error.
I. Whether a Bankruptcy Court's order approving claims could operate as res judicata, even though the bankruptcy proceeding were voluntarily dismissed upon a motion by the Stewarts.

II. Whether a Chancery Court's order dismissing a temporary restraining order, which prevented the non-judicial foreclosure on a deed of trust on the Stewart's home, could operate as res judicata.

III. Whether the Chancery Court erred in dismissing the complaint of the Stewarts to set aside the foreclosure of the appellee on their home.

While upon the record presented in this appeal we decline to express any opinion as to the merits of either the Stewart's or Guaranty Bank & Trust Company of Belzoni's [hereafter Bank] legal claims, we find as a matter of law that neither a voluntary dismissal taken without prejudice, nor a interlocutory injunction, which operated to preserve the prejudgment status quo between the parties, can constitute a final judgment upon the merits of a case from which res judicata can be applied to a subsequent action. Therefore, we reverse and remand this case for further proceedings in which the Chancery Court may consider the evidence which supports each of the parties contentions.

FACTS
On January 25th 1978, the Stewarts borrowed eight thousand two hundred fifty-eight dollars and forty cents ($8,258.40) from the Bank, and secured the loan with a deed of trust on their home. During 1978 and 1979, the Stewarts borrowed additional money from the Bank, and executed several promissory notes which listed their home as security. The record does not disclose how much, if any, of these loans have been repaid to the Bank.
On March 27th 1984, the Stewarts filed a petition for chapter 13 bankruptcy in the Bankruptcy Court of the Northern District of Mississippi, and listed twenty-five thousand seven hundred eighty-nine dollars and thirty-five cents ($25,789.35) as an amount claimed by the Bank, but the Stewarts indicated this amount was disputed. On August 24th 1984, the bankruptcy trustee filed a motion to allow claims, listing the above amount as a secured claim, and containing language that the failure by the Stewarts to object within thirty days to the claims listed would be "deemed an approval by the debtor(s) of the claims... ." The Stewarts did not object to any of the claims listed in the trustee's motion, but on October 2nd 1984  which was nine days after the time to object to claims had expired  the Stewarts filed a motion to dismiss the bankruptcy action without prejudice. On that same day, Bankruptcy Court dismissed the action with no indication that the dismissal was with prejudice.
On December 11th 1984, the Stewarts filed a complaint, which was similar to the *872 complaint leading to the present appeal, praying the Chancery Court set aside the deed of trust and provide further relief. The Chancery Court issued a temporary restraining order  enjoining the foreclosure sale of the Stewart's home  predicated upon the Stewarts posting a twenty five hundred dollar ($2,500.00) bond. The bond was not posted, and the foreclosure sale proceeded where Guaranty Bank purchased the home. Subsequent to the sale, on January 5th 1985, the Chancery Court dismissed the temporary restraining order as moot and with prejudice.
On June 9th 1986, Eugene and Bessie Mae Stewart filed the complaint leading to the case sub judice. The complaint alleged the deed of trust called for the Bank to loan the Stewarts eight thousand two hundred fifty-eight dollars and forty cents ($8,258.40), yet the Stewarts claimed they only received four thousand seven hundred forty-three dollars and fifty-seven cents ($4,743.57). The complaint further alleged that the Stewarts had borrowed additional money from the Bank, and they had repaid most of the additional indebtedness. The record includes copies of two letters written by the Stewarts' attorney requesting accountings be made to determine the actual amount that the Stewarts still owed on the loans. However, there is no indication the Bank responded to these requests.
The Bank answered the Stewart's complaint, asserting that both the bankruptcy proceedings, in which the Stewart's failed to object to the Bank's claim, and the Chancery Court proceedings, in which the order temporarily restraining the non-judicial foreclosure of the Stewarts home was dismissed with prejudice, operated as res judicata as to the amount of money owed by the Stewarts to the Bank. Further, Guaranty Bank cross-claimed, praying that the Stewarts surrender possession of the home.
On June 16th 1988, the Chancery Court dismissed the Stewarts' claim with prejudice, finding both that the basis of the Stewart's claim had been litigated in the Bankruptcy Court and, therefore, was not subject to collateral attack, and that the dismissal of the temporary restraining order constituted a prior litigation of the Stewart's claim and barred the present action by operation of res judicata. At that time, no judgment was rendered on the Bank's cross-claim for possession of the house. On January 4th 1989, the Chancery Court held a hearing on the Bank's cross-claim, after which that Court entered a judgment for the Bank and ordered the Stewart's to surrender possession of the house.

I.
Turning to the law, we have often stated the principle of res judicata operates to bar a legal action when the parties have already litigated the cause of action to a final judgment in a previous action. Walton v. Bourgeois, 512 So.2d 698, 701 (Miss. 1987); Dunaway v. W.H. Hopper and Associates, Inc., 422 So.2d 749, 751 (Miss. 1982). See also, Estate of Smiley, 530 So.2d 18, 23 (Miss. 1988); Estate of Stutts v. Stutts, 529 So.2d 177, 180 (Miss. 1988); Mississippi Employment Security Commission v. Georgia-Pacific Corp., 394 So.2d 299, 301 (Miss. 1981); Cowan v. Gulf City Fisheries, Inc., 381 So.2d 158, 162 (Miss. 1980); Standard Oil Co. v. Howell, 360 So.2d 1200, 1202 (Miss. 1978). Thus, for res judicata to lie, a previous action must have conclusively decided the claim which is asserted in the second action.
In the bankruptcy action, the Stewarts failed to make a timely objection to the claim asserted by the Bank, which under the terms of the trustee's motion to allow claims would have been deemed an approval of the claim; however, nine days after the date upon which timely objection to the claim must have been made, the Stewart's moved for a voluntarily dismissal, and the Bankruptcy Court granted this voluntary dismissal without indicating whether it was taken with prejudice.
FRCP 41(a)(2) provides "[u]nless otherwise specified in the order, a dismissal under this paragraph [which governs voluntary dismissals] is without prejudice." Thus, the Stewart's voluntary dismissal was taken without prejudicial effect. Under the Federal Rules of Civil Procedure, a *873 voluntary dismissal taken without prejudice is not an adjudication on the merits, and thus does not operate as res judicata in subsequent actions. Dillard v. Security Pacific Brokers, Inc., 835 F.2d 607, 608 (5th Cir.1988) (citing Plumberman, Inc. v. Urban Systems Development Corp., 605 F.2d 161, 162 (5th Cir.1979)). Therefore, the Chancery Court erred in finding the bankruptcy proceedings constituted a binding adjudication from which res judicata could result.

II.
Additionally, in a prior action the Chancery Court temporarily restrained the non-judicial foreclosure on the Stewart's home. This order was dismissed with prejudice, because the Stewart's failed to post a bond, as required by the temporary restraining order, and the foreclosure sale proceeded, which rendered the order moot. There is no indication from the record that in this prior proceeding the Chancery Court issued any judgment considering the merits of the Stewarts' claim, which was that the Bank had not actually advanced the entire amount it claimed the Stewart's borrowed, and the Stewarts had repaid more of the amounts borrowed than the Bank contended had been repaid. Nevertheless, the Chancery Court in the case sub judice found the prior Chancery Court action constituted a prior litigation from which res judicata applied to bar the Stewart's action to set aside the non-judicial foreclosure.
As previously discussed, in order for res judicata to apply there must have been a previous, final adjudication of the claim asserted in a subsequent litigation. Walton v. Bourgeois, 512 So.2d at 701; Dunaway v. W.H. Hopper and Associates, Inc. 422 So.2d at 751. Rather than being an adjudication on the merits, an interlocutory injunction operates to preserve the status quo of a case so that a final judgment can constitute an adequate remedy. Rochelle v. State, 222 Miss. 83, 87, 75 So.2d 268 (1954). See also, Mississippi Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir.1985). Furthermore, we have previously held that where a previous action had enjoined a foreclosure, the issue as to whether the party who initiated the foreclosure did so wrongfully or fraudulently was not barred by collateral estoppel, because the issue of whether the foreclosure was wrongful was not necessary to the judgment granting the injunction. Southern Land & Resources Co., Inc. v. Dobbs, 467 So.2d 652, 655-657 (Miss. 1985). See also, Bush v. City of Laurel, 234 Miss. 93, 101-102, 105 So.2d 562 (1958) (holding a suit for trespass was not barred by res judicata where the plaintiff had previously litigated the granting of an injunction).
Thus, a previous suit in which a foreclosure was temporarily enjoined does not operate as res judicata to a subsequent suit which asserts a foreclosure should be set aside on the grounds that the amount claimed by the lender to have been owed was, in fact, not the correct amount due. This is so because the two suits do not share an identical claim; that is, the claim in an action for a temporary injunction is whether the status quo must be preserved to effectuate an adequate remedy, and the claim in an action to set aside a foreclosure is the propriety of the foreclosure. Therefore, the Chancery Court erred in finding the claim in the case sub judice was barred by the previous action in which the foreclosure was temporarily restrained.

III.
While neither the bankruptcy proceedings nor the prior action in the Chancery Court were judgments entitled to res judicata effect in the case sub judice, nothing in the record indicates whether the Stewarts should, in fact, prevail in their action to set aside the foreclosure. Therefore, we reverse and remand this case for consideration on the merits as to the amounts owed and whether the foreclosure should be set aside.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.