KING, Justice,
concurring in part and dissenting in part:
¶ 39. The majority finds that the chancery court’s decision to dismiss H & H with prejudice was errbr. Because I find no error in the • chancellor’s decision, I respectfully dissent from that portion of the majority.[8]
¶ 40. “A dismissal with prejudice indicates a dismissal on the merits.” Jackson v. Bell, 123 So.3d 436, 439 (Miss.2013). A Rule 41(b) dismissal “operates as an adjudication upon the merits.” Miss. R. Civ. P. 41(b). It is appropriate for failure to prosecute or to comply with the rules of civil procedure or any order of court, or after the plaintiff has completed the presentation of his evidence “iri an action tried by the court without a jury” when the plaintiff has shown no right to relief upon the facts and the law. Id. The chancellor did hear the preliminary injunction case in full, and the evidence makes it abundantly 'clear that Expro had no chance whatsoever of success on its only claims in the complaint against H & H — for breach of contract, when no contract existed, and misappropriation of trade secrets, when no trade secret existed.[9] Moreover, H & H twice *1025 moved to dismiss Expro’s complaint: once, on September 5,2013, by joining Walters’s “Motion to Dismiss and Dissolve the Temporary Restraining Order and Deny the Request for [a]. Preliminary Injunction,” and once orally during the hearing.
¶-41. I concede that this case does not fit as neatly as one might prefer into Rule 41, because Rule 41 states that- when an action is “tried,” dismissal is appropriate, and whether this case fits the definition of “tried” under Rule 41 is unclear.. On one hand* the majority argues that the case was not finally tried on the merits. ■ .On the other hand, the complaint requested a preliminary injunction, the court heard.the matter on the preliminary injunction for two days, and the issue of the preliminary injunction was adjudicated on its merits. Moreover, Expro filed clearly frivolous claims against H & H, thus it does not seem inappropriate that the result of doing so should be dismissal.
¶42. I believe that dismissal was appropriate, especially in light of considerations of judicial economy. Based on Expro’s complaint and its assertions on appeal, it had no cognizable claim against H & H. Its first claim was for injunctive relief. The chancery court clearly found that Expro was not entitled' to injunctive relief. Expró’s second claim against H & H was for breach of contract based specifically on a contract that Expro admitted did not exist as represented. Thus, its breach of contract claim against H & H as pled in its complaint was a nullity, Expro’s third and fourth claims against H & H were for misappropriation of trade secrets and violations of the trade secrets act, and the evidence that Expro transported its flares,in the open, took no steps to maintain confidentiality surrounding the flares, and- indeed had a patent on the flares, made abundantly clear and obvious that it is likely impossible to prove that Expro’s flares were a trade secret. Expro, has no remaining viable claims from its complaint against H & H. Turning to the remedies that Expro asks of this Court, it first asks this Court to reinstate the complaint and transfer the claims against H & H with the ones against Walters to the circuit court. But no viable claims against H & H are left to transfer, as opposed to Ex-pro’s claims for breach of duty of loyalty and honest services against Walters. Second, it asks this Court to allow Expro to amend its complaint to assert additional claims against H & H. It offers no “additional claims” it would bring besides aiding and abetting a breach of the duty of loyalty, and it offers no caselaw to show that such a “claim” actually exists. Third, it asks this Court to dismiss H & H without prejudice, ostensibly so it can file again against H & H with the dubious ’ “claims” with which it desires to amend its complaint. The evidence show that Expro clearly had no viable claims against H & H as pled in' its complaint, and with no claims left, dismissal is certainly practical, and it makes little sense to reinstate a complaint of nothing against H & H.
¶ 43. While the trial court’s disposition could and should have been done with more clarity, nothing remained against H <& H-that was actionable, based on the trial court’s rulings made after a fulling hearing *1026 on the merits. Expro’s claims against H & H were clearly frivolous, and the trial court’s dismissal under Rule 41(b) was not error.
RANDOLPH, P.J., AND CHANDLER, J., JOIN THIS OPINION.

. I agree with the majority’s decision regarding attorneys' fees.

. Res judicata is certainly a concern for Expro with a'dismissal with prejudice; however, it may .not be as concerning as Expro -assorts. , In a case in which three suits were brought (one for confirmation of title, one for an injunction, and then one for damages) this Court held that the injunction and confirmation, actions did not operate to prohibit the damages action. Bush v. City of Laurel, 234 Miss. 93, 105 So.2d 562 (1958). It held that
The claim of the appellants to an award of damages was not propounded or asserted in the pleadings or on the trial of either of the prior suits and such an award was not essential either to the granting of the injunction or the granting of the decree of confirmation, and the question of the right of the appellants to damages was not embraced or involved in either of the prior suits. It is well settled both under the majority rule and under the prior decisions of this Court that the mere fact that a claim might have been propounded in a prior suit does not make it res judicata if in fact it was not embraced or involved.in it,
Id. at 565. Similarly, another case found that collateral estoppel applies only to questions actually previously litigated; and that damages claims were not brought or litigated in *1025 prior suits for injunctions, thus collateral es-toppel did not preclude a suit for damages. Southern Land and Res. Co., Inc. v. Dobbs, 467 So.2d 652, 656-57 (Miss.1985). Although more modern res judicata jurisprudence appears to be a bit more sweeping, Expro certainly has a colorable argument that potential claims for money damages, which were not raised or litigated in the underlying-injunction action, are not barred by res judi-cata. '