VanZandt *v.* VanZandt, et al.

No. 39969 April 2, 1956 86 So. 2d 466

*E. L. & W. W. Dent,* Collins; *Hedgepeth, Ewing & Hedgepeth,* Jackson, for appellant.

*James B. Sykes,* Mendenhall; *Satterfield, Shell, Williams & Buford,* Jackson, for appellees.

534

Holmes, J.

Appellees filed their original bill in the Chancery Court of Simpson County on July 24, 1954 against the appellant, Dr. Homer VanZandt, and First Federal Savings and Loan Association of Jackson, Mississippi. A demurrer to the original bill was sustained and the appellants were allowed to amend and filed their amended bill on February 14, 1954.

The amended bill sought the recovery of the 7/10 interest of the appellees in the proceeds of certain timber sold from certain lands of the estate of E. M. VanZandt, deceased, together with legal interest thereon from March 1, 1943, the date of the sale.

It was charged in the amended bill that the appellees were tenants in common with the appellant and others in certain lands in Simpson County comprising 320 acres, and forming a part of the estate of E. M. VanZandt, deceased, who died in January 1922, and that on March 1, 1943, the appellant, purporting to act under the authority of powers of attorney executed to him by the owners, sold certain of the timber on said lands and fraudulently failed to disclose to the appellees the sale of said timber and the consideration received therefor, and fraudulently converted to his own use the pro-rata share of the appellees in the proceeds of said sale, and deposited the same to his individual credit in the First Federal Savings and Loan Association, with the excep-

tion, however, of $400 paid to Hooker VanZandt and $200 paid to Mrs. Mary Bassett. A demurrer to the amended bill of complaint was overruled and the defendants filed separate answers. The answer of the appellant, Dr. Homer VanZandt denied the material allegations of the amended bill, and plead the three, six and ten year statutes of limitations, and particularly Sections 729, 722 and 746 of the Mississippi Code of 1942, and further filed a plea of res judicata.

After a full hearing, the chancellor found that the proof conclusively established the material allegations of the bill, and rendered a decree in favor of the appellees and against the appellants Dr. Homer VanZandt and the First Federal Savings and Loan Association for $13,763.13, representing their pro-rata share found to be due in the proceeds of said timber, together with legal interest thereon from March 1, 1943, and providing that if the First Federal Savings and Loan Association should pay the amount of the decree from funds in its hands belonging to the appellant, it would be entitled to take credit therefor in its accounting with the appellant. From the decree rendered, Dr. Homer VanZandt prosecutes this appeal.

One of the appellees, Hooker VanZandt, having died during the pendency of this appeal, the cause as to him, on proper motion, has been revived in the names of his legal heirs, Mrs. Lee VanZandt and Mrs. Thelma Daniels.

The appellant sought to show that the title to 80 acres of the 320 acres involved had been acquired by J. C. VanZandt by adverse possession, and that, therefore, the appellees were not entitled to any of the proceeds of the timber cut from said 80 acres. However, this Court, in the recent case of Dr. Homer VanZandt, et al. v. H. M. VanZandt, et al, No. 39,968, not yet reported, denied the title of J. C. VanZandt to said 80 acres and held the same to be a part of the estate of

E. M. VanZandt, deceased, and hence this claim of the appellant has been adjudicated against him.

The appellant principally contends that (1) the proof is insufficient to support the chancellor's finding that there was concealed fraud; (2) that the action of the appellees is barred by the three, six and ten-year statutes of limitations and by laches; (3) that the chancellor erred in admitting in evidence an instrument purporting to be an estimate of the timber involved, signed by T. O. Batson; (4) that the chancellor should have sustained the appellant's plea of res judicata, and (5) that the appellees were in no event entitled to recover interest for any period prior to the date of the filing of this suit on July 24, 1954.

We do not think that the appellant's contention that the evidence is insufficient to support the chancellor's finding that there was concealed fraud is well founded. It was undisputed that the appellant sold the timber and received the proceeds thereof, and that in so doing, he was purporting to act for himself and as the agent of his cotenants from whom he had obtained powers of attorney. Included in the sale were approximately 500 acres of land belonging to the appellant individually, and 160 acres of land belonging to J. B. VanZandt individually. The timber on the individually owned lands and on the estate lands was all embraced in the same conveyance. The evidence was conflicting as to the quantity of timber sold from the estate lands and the price received therefor and the disposition of the proceeds.

The proof for the appellant was that only a small quantity of the timber sold was cut from the estate lands, and that appellant received for the timber cut from the estate lands only the sum of $1960, and that he paid out of this sum $400 to Hooker VanZandt, and $200 to Mrs. Mary Bassett, and by agreement with the other cotenants, paid the remainder to J. C. VanZandt, who had continued to live on the land and to cultivate the same

and pay the taxes thereon since the date of the death of his mother in 1936.

The proof for the appellees was that 1,675,000 feet of timber were cut and sold from the estate lands at the price of $12.25 per thousand feet, for which the appellant received the sum of $20,518.75, and that the prorata share of the appellees therein was $13,763.13; that the appellees were not notified of said sale and the amount of the proceeds thereof, and did not learn of the same until at a family gathering of the owners in 1952; that no authority was given the appellant to pay the proceeds of the sale to J. C. VanZandt; that no accounting was made to the appellees for their pro-rata share of the proceeds of the sale except the sum of $400 paid to Hooker VanZandt and $200 paid to Mrs. Mary Bassett, but that the appellant deposited the proceeds of the sale to his individual credit in the First Federal Savings and Loan Association, where it was being retained to the individual credit of the appellant. The chancellor resolved the conflict in this evidence in favor of the appellees, and found from the evidence as a whole that the proof established the existence of a concealed fraud, and we think he was amply warranted in so doing. In consummating the sale, the appellant purported to act for himself and his cotenants. Thus the relationship of principal and agent existed between the appellant and the appellees. This was a fiduciary relationship involving conditions of trust and confidence, and demanding the exercise by appellant of the utmost loyalty and good faith to his principals, and imposing upon the appellant the duty to promptly notify the appellees of said sale and to pay over to appellees their pro-rata share of the proceeds.

In 3 C.J.S., Agency, Section 138, it is said: ". . . the relationship existent between principal and agent is a fiduciary one, demanding conditions of trust and confidence."

■■ ·In 3 C.J.S., Agency, Section 142, appears the following: "As related in Section 138, the relationship of principal and agent, being confidential and fiduciary in character, demands of the agent the utmost loyalty and good faith to his principal. ■■ Any breach of this good faith whereby the principal suffers any disadvantage and the agent reaps any benefit is a fraud for which the agent will be held accountable, either in damages or by judgment precluding the agent from taking or retaining the benefits so obtained."

■■ Also in 3 C.J.S., Agency, Section 159, is the following: "It is the duty of an agent who has received or collected money for his principal to notify the latter at once, and ordinarily he should pay over such money to the principal as soon as, or within a reasonable time after, it is received or collected, or apply or dispose of it according to the directions of the principal."

In the case of McDowell et al v. Minor, 158 Miss. 788, 131 So. 278, the Court said: "The relation between these parties as heretofore declared by the court was that of principal and agent. A cardinal requirement of that relationship is that the agent shall be at all times loyal and faithful to the interests of the principal, and he can acquire no private interest of his own in opposition to that of his principal. There is a fiduciary relation which forbids the agent in any manner to place himself of his own volition in a favored position as against the principal in respect to the transactions growing out of the relationship."

■■ Under the facts as found to be true by the chancellor, the appellant made no disclosure of the sale whatsoever to the appellees, and made no accounting to the appellees for their pro-rata share of the proceeds, as was his duty to do under the fiduciary or trust relationship existing between him and the appellees. The chancellor held, and we think rightly, that the facts and circumstances established a concealed fraud. We recognize

the general rule that in the absence of a fiduciary relationship some affirmative act of concealment is necessary to establish a concealed fraud, but this is not the case before us. The existence of a fiduciary relationship between the appellant and the appellees must be admitted. The general rule in such case is well stated in an annotation in 173 A.L.R., page 588, as follows:

"It is the prevailing rule that, as between persons sustaining a fiduciary or trust or other confidential relationship toward each other, the person occupying the relation of fiduciary or of confidence is under a duty to reveal the facts to the plaintiff (the other party), and that his silence when he ought to speak, or his failure to disclose what he ought to disclose, is as much a fraud at law as an actual affirmative false representation or act; and that mere silence on his part as to a cause of action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent concealment within the rule under consideration."

Cited in support of the principal announced in the foregoing annotation are numerous cases from the jurisdictions of other states, including the case of Buckner v. Calcote, 28 Miss. 432 (writ of error dismissed), 15 L. Ed. 348).

 We are of the opinion, therefore, that the chancellor's finding that a concealed fraud existed is amply supported under the evidence and well reasoned authorities.

 It follows from what has been said that the action of the appellees is not barred by any statute of limitation or laches, in view of Section 742 of the Mississippi Code of 1942, reading as follows:

"If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the

time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.''

██ ██ It is argued by the appellant, however, that the appellees can not invoke the foregoing statute because they failed to exercise reasonable diligence to discover the fraud. This argument of the appellant must likewise be held to be untenable. The chancellor found from the evidence that the true price paid for the timber from estate lands was $20,518.75. The appellant says that the true price was $1960.00, and that he made distribution thereof in accordance with the agreement of the owners. He has persisted in this statement throughout and even in the trial of this lawsuit, and it is manifest that no inquiry made of him would have disclosed any other information. He occupied a position of trust and confidence with the appellees, which was calculated to cause them to rely upon his statement even if inquiry as to the true facts had been made. We think, therefore, that the chancellor was amply warranted under the evidence in finding that there had been no lack of diligence on the part of the appellees.

██ ██ It is next contended by the appellant that the court erred in admitting in evidence an instrument purporting to be an estimate of the timber involved bearing, according to the undisputed evidence, the signature of T. O. Batson, who the proof shows was a timber estimator of recognized ability. Floyd Herrington, a witness for the appellees, testified that the instrument was signed by Mr. Batson, who has since died, and that his firm, Elton Mill Company, purchased the timber and paid for it according to this estimate. The estimate showed the quantity of timber on the estate lands and included in the purchase. The appellant objected to the introduction of the instrument on the grounds that it was a copy and therefore not the best evidence, and that the original estimate had been entered in a book and that the book was the best evidence. The instrument in question was,

according to the undisputed proof, signed by Mr. Batson and whether it is to be deemed an original or not, which we do not decide, the undisputed testimony of Floyd Herrington was that the timber on the estate lands was purchased according to this estimate, and thus the instrument was, in our opinion, admissible in evidence to show the quantity of timber on the estate lands for which payment was made to the appellant and for which he should be required to account. We think that the chancellor was not in error in admitting the instrument in evidence.

It is further contended by the appellant that the chancellor erred in denying his plea of res judicata. Pending on the docket of the trial court simultaneously with this cause was a suit styled H. M. VanZandt, et al v. Dr. Homer VanZandt, et al. This latter suit was a suit for partition of the 320 acres of land in question by these appellees as cotenants against other alleged cotenants. This latter suit was tried first and resulted in a decree ordering a partition of the entire lands among the cotenants according to their respective interests, and on appeal to this Court, said decree was affirmed. Dr. Homer VanZandt, et al v. H. M. VanZandt, et al, no. 39,968, not yet reported. Neither in the pleadings nor on the trial of the partition suit was there involved any claim against Dr. VanZandt demanding an accounting from him of the timber sold. Neither was the First Federal Savings and Loan Association a party to the partition suit. The appellant, however, contends that because Section 964 of the Mississippi Code of 1942 provides in part that "the court may adjust the equities between and determine all claims of the several cotenants, as well as the equities and claims of encumbrancers," the decree in the partition suit is res judicata of the issues presented in this suit.

It is argued by the appellant that the claim of the appellees for the proceeds of the timber had been,

or should have been, adjudicated in the partition suit, and that, therefore, the appellees are precluded and estopped from prosecuting their claim for the proceeds of the timber in this suit. It will be noted that the statute does not require that all claims and equities between the parties shall be adjusted in the partition suit. It provides only that such claims and equities may be adjusted. The claim of the appellees against the appellant for the proceeds of the timber was not presented or asserted in the pleadings of the partition suit, nor on the trial thereof, and such claim was not embraced in the partition suit. It is well settled under the prior decisions of this Court that the mere fact that a claim might be propounded in a suit does not make it res judicata if in fact it was not embraced in it. In the case of Commercial Credit Co., Inc. v. Newman, 189 Miss. 477, 198 So. 303, the Court said:

"It is not true that a former judgment adjudicates every question that could possibly be litigated, and the authorities cited, supra, do not demonstrate the assertion.

"The rule is tersely stated in Davis v. Davis, 65 Miss. 498, 499, 4 So. 554, 555, in this language: 'The mere fact that a claim might be propounded in a suit does not make it res judicata if in fact it was not embraced in it. There is much loose talk on this subject in the books, but the true distinction may be found set forth in Hubbard v. Flynt, 58 Miss. 266, according to which the plea of res judicata is not available here.' "

In the case of Hubbard v. Flynt, supra, the Court said: "The matter of this bill was not adjudicated in the former suit. It was not presented by the pleadings, and, therefore, could not have been adjudicated. The mere fact that it might have been introduced into the suit if the complainant had chosen to do so, does not make such matter res judicata."

██ ██ The foregoing decisions of this Court were cited with approval in the recent case of K. A. Paine v. G. L. Wilemon, No. 39,982, yet reported. We are accordingly of the opinion that the chancellor committed no error in denying the appellant's plea of res judicata.

It is further and finally contended by the appellant that the chancellor erred in allowing legal interest in the amount found to be due the appellees for the period prior to the date of the filing of this suit on January 24, 1954.

The proof in this case shows that the appellant received the proceeds of the timber on March 1, 1943. Under the facts as found to be true by the chancellor, he was then under a duty to promptly pay to the appellees their pro-rata share of such proceeds. This he has not only failed to do but he refuses to do even after the filing of this suit therefor. The rule applicable to the question here presented is stated in 3 C.J.S., Agency, Section 166, as follows:

██ ██ "As a general rule, where an agent is ready at the proper time to account for and turn over funds or property in his hands belonging to his principal, he is not liable for interest thereon before a demand; ██ ██ but where the agent fails or refuses to account upon a demand, or when it is his duty to do so, and he keeps in his hands funds for which he should have accounted, the principal may collect from him, in addition to such funds, lawful interest on the same from the time when the accounting should have been made, and the funds turned over, as where he is specially instructed to remit the funds as fast as collected and he fails to do so."

██ ██ In view of the foregoing, it is our conclusion that the chancellor committed no error in allowing legal interest on the amount found to be due the appellees from March 1, 1943, the date of the receipt of the proceeds of the timber by the appellant. It might be added here that the proof shows that the appellant has him-

self received interest on these funds from savings deposits and deposits in the First Federal Savings and Loan Association since his receipt and retention of such proceeds.

It follows from the views expressed that the decree of the court below should be and it is affirmed.

Affirmed.

*McGehee, C.J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.