KITCHENS, PRESIDING JUSTICE, DISSENTING:
 

 ¶ 38. The majority affirms the trial court's judgment that Brown was not entitled to discovery on his claims that the statute of limitations was tolled under the discovery rule or the doctrines of equitable tolling and fraudulent concealment. But, because Brown alleges that he was defrauded by a person who had a duty to disclose material information but omitted to do so, I would find that he has stated claims sufficient to warrant discovery. Therefore, I would hold that the trial court's grant of summary judgment was premature. The case should be reversed and remanded.
 

 A. Facts
 

 ¶ 39. Brown filed his complaint on April 23, 2013. He alleged that McKee was an attorney who had provided legal services to him in various matters for more than a decade. He alleged that McKee had approached Brown, who was a general contractor, and presented to him a proposal that they jointly acquire real estate and develop and operate an apartment complex. After Brown had agreed, McKee prepared the certificate of formation for BrownE, LLC, in which Brown and McKee each owned a fifty percent economic and governing interest. Brown alleged that McKee was a manager of BrownE, LLC.
 

 ¶ 40. According to the complaint, after construction of the apartment complex was underway, the City of Starkville enacted an ordinance that prohibited the development of new apartments and consequently prevented further growth of the business. Brown alleged that this change in the law meant that his skills no longer were required, prompting McKee to seek to divest Brown of his interest in BrownE, LLC. He alleged that, to this end, McKee convinced Brown that a second, successor, limited liability company was necessary, leading to the formation of Brownsville Station, LLC, in 2000. Brown alleged that McKee was the manager of Brownsville Station, LLC.
 

 ¶ 41. The crux of Brown's claims was his allegation that, after the formation of Brownsville Station, LLC, McKee persuaded him to enter into a series of option contracts, detailed in the majority opinion, whereby McKee purchased Brown's entire interest for $150,000, an amount far less than half the appraised value of the LLC. Brown contended that McKee fraudulently had concealed the true value from him. Brown alleged that he first had discovered his business partner's deception in 2012 when Brownsville Station, LLC, filed with the Secretary of State articles of reinstatement that named Brown as the manager and registered agent for the company. At that point, Brown sought the advice of an
 attorney, who advised that he obtain legal representation.
 

 ¶ 42. McKee moved to dismiss Brown's complaint on the ground that it had been filed outside the three-year statute of limitations.
 
 [10]
 
 McKee also asserted that Brown had signed a "Conveyance, Full and Final Release and Hold Harmless Agreement" by which he voluntarily had relinquished any causes of action against McKee concerning the conveyance of his shares, and that Brown had entered into this agreement after consultation with independent counsel of his own choosing, Dolton McAlpin.
 

 ¶ 43. Following the motion to dismiss, Brown vigorously sought discovery, which McKee vigorously resisted. McKee sought protective orders, asserting that, because the action was untimely, he faced an undue burden in responding to Brown's discovery requests. On April 14, 2014, McKee filed a motion for summary judgment in which he pled the statute of limitations. Brown filed a response, arguing that genuine issues of material fact existed concerning the statute of limitations due to the discovery rule, as well as the doctrines of equitable estoppel and fraudulent concealment. He further alleged that, due to the fiduciary relationship, he could not have discovered McKee's misconduct until he had happened to consult an attorney in 2012. He asked that, because of the lack of discovery, the trial court enter a Rule 56(f) order continuing the summary judgment issue and also requiring that the defendants cooperate in discovery.
 

 ¶ 44. Brown submitted his deposition and later, a supplemental affidavit averring that McKee had denied him access to documents in McKee's sole possession that were related to the value of Brownsville Station, LLC, including refinancing of the $2.25 million mortgage signed solely by McKee, emails, letters, appraisals, loan documents, and closing statements. Brown claimed that he had not known of the existence of an appraisal showing the true value of the company property until shortly before he filed his lawsuit. He contended that McKee was the only person in possession of the documents and he had been unable to obtain them from the lender, which no longer was in business. Brown also submitted the full deposition of the attorney, Dolton McAlpin. McAlpin did not recall having spoken to Brown without McKee's being present. He testified that he reviewed the terms of the agreement with Brown for about thirty or forty minutes, but gave Brown no advice about the amount he was receiving for his interest or whether it was a "good deal" for him.
 

 ¶ 45. Before any rulings on the pending motions, all the judges of the Sixteenth Circuit Court District recused themselves, and on June 28, 2016, this Court appointed a special judge. The special judge set all pending motions for hearing on July 8, 2016. However, the special judge never ruled on McKee's motion to dismiss. Instead, he denied Brown's motions to compel discovery and for a continuance, granted McKee's motions for a protective order, and granted summary judgment to McKee on the ground that there was no genuine issue of material fact that the statute of limitations barred Brown's claims.
 

 B. The trial court abused its discretion by denying Brown's motion for a continuance for additional discovery and granting summary judgment to McKee.
 

 ¶ 46. The record in this case reflects an almost complete lack of discovery prior to the grant of summary judgment. According to the Mississippi Rules of Civil Procedure,
 "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the issues raised by the claims or defenses of any party." M.R.C.P. 26(b)(1). "It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
 

 Id.
 

 However, the trial court may grant a protective order limiting discovery if "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." M.R.C.P. 26(d). Importantly, "[e]rroneous denial of discovery is ordinarily prejudicial in the absence of circumstances showing it is harmless."
 
 Dawkins v. Redd Pest Control Co
 
 .
 

 ,
 
 607 So.2d 1232
 
 , 1236 (Miss. 1992) (quoting
 
 Weahkee v. Norton
 
 ,
 
 621 F.2d 1080
 
 , 1083 (10th Cir. 1980) ).
 

 ¶ 47. This Court has discussed the criteria for granting a continuance to permit additional discovery in defense of a motion for summary judgment under Rule 56(f), which provides:
 

 Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
 

 M.R.C.P. 56(f). A party requesting a continuance under Rule 56(f) to obtain additional discovery "must present specific facts why he cannot oppose the motion and must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' "
 
 Stanley v. Scott Petroleum Corp
 
 .
 

 ,
 
 184 So.3d 940
 
 , 942 (Miss. 2016) (quoting
 
 Prescott v. Leaf River Forest Prods., Inc.
 
 ,
 
 740 So.2d 301
 
 , 308 (Miss. 1999) ). The party requesting a continuance also must show the steps taken to obtain the necessary information.
 
 Stanley
 
 ,
 
 184 So.3d at 942
 
 . The Court has held that, in presenting these requisite facts, the party requesting a continuance need not submit written requests or affidavits to obtain relief under Rule 56(f).
 

 Id.
 

 ¶ 48. Rule 56(f)"protects against improvident or premature grants of summary judgment and is to be applied liberally."
 

 Id.
 

 The trial court should grant the motion for a continuance if the party has made the requisite showing, has been diligent, and has acted in good faith.
 

 Id.
 

 Of particular relevance to this case, this Court specifically has disapproved of "the practice of parties['] resisting discovery on the one hand and moving for summary judgment on the other."
 
 Smith v. H.C. Bailey Companies
 
 ,
 
 477 So.2d 224
 
 , 234 (Miss. 1985).
 

 ¶ 49. In his Rule 56(f) motion, Brown requested discovery of loan documents, bank account statements, and financial statements for Brownsville Station, LLC. Additionally, he requested appraisals of property owned by BrownE, LLC, and Brownsville Station, LLC, and the operating agreements of the two companies. He argued that these documents would show the value of the property and the roles and responsibilities that McKee and Brown had with respect to the operation of the companies. He also requested the opportunity to depose McKee, which deposition, he argued, would address matters including whether McKee had withheld the financial documents from Brown. Brown argued that this information was relevant to the statute of limitations issue.
 

 ¶ 50. The record reflects that, not only did Brown specify in his Rule 56(f) motion what discovery could show, he was diligent in pursuing the requested discovery
 by timely propounding discovery requests, filing motions to compel, and requesting hearings on the motions. The trial court erred by finding that discovery would not have aided Brown. The trial court had no basis for its finding that Brown possessed the documents he requested and which Brown alleged were not in his possession. Because this was a fact finding on a genuinely disputed issue, it was inappropriate on summary judgment. The essence of Brown's claims was that McKee, a fiduciary, had concealed the documents from him and his requests for discovery of the documents and the deposition of McKee reasonably were calculated to lead to the discovery of evidence relevant to the discovery rule, fraudulent concealment, and equitable estoppel, notwithstanding the trial court's conclusion that such information pertained only to damages.
 

 ¶ 51. Ordinarily, if a party's claims survive a motion to dismiss, discovery proceeds before that party faces a motion for summary judgment. This case is in a unique procedural posture because the trial court never ruled on McKee's motion to dismiss. Instead, the trial court proceeded to rule on the motion for summary judgment, concluding that, because Brown could not prove that any tolling provision applied to the statute of limitations, no discovery was necessary. I would find that, because Brown stated claims that the statute of limitations was tolled, he was entitled to discovery so he could attempt to meet his burden to prove that genuine issues of material fact existed on such claims. I turn now to a review of the requirements for the discovery rule, equitable estoppel, and fraudulent concealment, then to a discussion of their application to this case.
 

 ¶ 52. Under the discovery rule, "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."
 
 Miss. Code Ann. § 15-1-49
 
 (2) (Rev. 2012). The Court has said that:
 

 [T]he statute of limitations commences upon discovery of an injury, and discovery is an issue of fact to be decided by a jury when there is a genuine dispute. Therefore, the critical question with which we are confronted is whether, in a summary judgment context, we can identify as a matter of law, the point at which [the plaintiff] knew or should have known or should have made an inquiry, based on the information available to him.
 

 Weathers v. Metro. Life Ins. Co
 
 .
 

 ,
 
 14 So.3d 688
 
 , 692 (Miss. 2009).
 

 ¶ 53. For equitable estoppel to toll the statute of limitations, "the plaintiff must show by a preponderance of evidence that '(1) it was induced by the conduct of [the defendant] not to file its complaint sooner, (2) resulting in its claim['s] being barred by the [applicable] limitations, and (3) [the defendant] knew or had reason to know that such consequences would follow.' "
 
 Townes v. Rusty Ellis Builder, Inc.
 
 ,
 
 98 So.3d 1046
 
 , 1055 (Miss. 2012) (quoting
 
 Harrison Enters., Inc. d/b/a Paulding Cable Co. v. Trilogy Commc'ns, Inc
 
 .
 

 ,
 
 818 So.2d 1088
 
 , 1095 (Miss. 2002) ). "Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations."
 
 Ray v. Keith
 
 ,
 
 859 So.2d 995
 
 , 997 (Miss. 2003). The issue of equitable estoppel "becomes a question for the trier of fact when there is evidence to support a finding that the plaintiff reasonably relied on the actions of the defendant to his detriment."
 
 Townes
 
 ,
 
 98 So.3d at 1055
 
 .
 

 ¶ 54. Regarding the doctrine of fraudulent concealment, Mississippi Code Section 15-1-67 provides the following:
 

 If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.
 

 Miss. Code Ann. § 15-1-67
 
 (Rev. 2012). The general rule is that the doctrine of fraudulent concealment will toll the statute of limitations of any cause of action if the plaintiff shows "that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on [his] part to discover it."
 
 Stephens v. Equitable Life Assurance Soc'y of the U.S
 
 .
 

 ,
 
 850 So.2d 78
 
 , 84 (Miss. 2003). Both elements present fact questions for determination by a jury.
 
 Whitaker v. Limeco Corp
 
 .
 

 ,
 
 32 So.3d 429
 
 , 436 (Miss. 2010). But "[w]here a fiduciary relationship exists, silence may be fraud."
 
 Grand Legacy, LLP v. Gant
 
 ,
 
 66 So.3d 137
 
 , 145 (Miss. 2011). "The 'silence must relate to a material fact or matter known to the party and as to which it is his legal duty to communicate to the other contracting party.' "
 

 Id.
 

 ¶ 55. Contrary to the majority's decision, proof of an affirmative act of concealment is not required when the defendant had fiduciary duties toward the plaintiff requiring disclosure of material information. In
 
 Van Zandt v. Van Zandt
 
 ,
 
 227 Miss. 528
 
 , 534,
 
 86 So.2d 466
 
 , 468 (1956), several cotenants owned a large parcel of real property in Simpson County. Several of the cotenants sued another of the cotenants, Dr. Homer Van Zandt, alleging that Dr. Van Zandt had used his power of attorney to sell timber from the land, had failed to disclose the transaction to his fellow cotenants, and had converted all funds received from the sale to his own use.
 

 Id.
 

 Dr. Van Zandt asserted that the action was barred by the statute of limitations.
 

 Id
 

 .
 

 at 535
 
 ,
 
 86 So.2d at 468
 
 . The chancellor found that fraudulent concealment had tolled the statute of limitations and entered a judgment for the cotenants in the amount of their
 
 pro rata
 
 share of the sale proceeds with interest.
 

 Id.
 

 Dr. Van Zandt appealed, arguing that the statute of limitations had barred the action.
 

 Id
 

 .
 

 at 536
 
 ,
 
 86 So.2d at 469
 
 .
 

 ¶ 56. This Court rejected Dr. Van Zandt's argument.
 

 Id
 

 .
 

 at 539
 
 ,
 
 86 So.2d at 470
 
 . This Court held that Dr. Van Zandt was in a fiduciary relationship with his fellow cotenants, but he had failed to disclose the sale or make an accounting to them.
 

 Id.
 

 at 538
 
 ,
 
 86 So.2d at 470
 
 . We held that this conduct amounted to "a concealed fraud" and said that "[w]e recognize the general rule that in the absence of a fiduciary relationship some affirmative act of concealment is necessary to establish a concealed fraud, but this is not the case before us" because the cotenants were in a fiduciary relationship.
 

 Id.
 

 at 538-39
 
 ,
 
 86 So.2d at 470
 
 . This Court adjudicated that, under the prevailing rule, a person in a fiduciary relationship is under a duty to reveal the facts to the other party, and his "silence when he ought to speak" amounts to a fraudulent concealment.
 

 Id.
 

 at 539
 
 ,
 
 86 So.2d at 470
 
 . The Court explained that:
 

 It is the prevailing rule that, as between persons sustaining a fiduciary or trust or other confidential relationship toward each other, the person occupying the relation of fiduciary or of confidence is under a duty to reveal the facts to the plaintiff (the other party), and that his silence when he ought to speak, or his failure to disclose what he ought to disclose, is as much a fraud at law as an
 actual affirmative false representation or act; and that mere silence on his part as to a cause of action, the facts giving rise to which it was his duty to disclose, amounts to a fraudulent concealment within the rule under consideration.
 

 Id.
 

 at 539
 
 ,
 
 86 So. 2d at
 
 470 (citing L.S. Teller, Annotation,
 
 What Constitutes Concealment Which Will Prevent Running of Statute of Limitations
 
 ,
 
 173 A.L.R. 576
 
 , 588 (1948) ).
 
 Van Zandt
 
 also cited
 
 Buckner v. Calcote
 
 ,
 
 28 Miss. 432
 
 (1855), the case which initially established this principle in Mississippi law.
 

 Id.
 

 at 539
 
 ,
 
 86 So.2d at 470
 
 . Citing Section 742 of the Mississippi Code of 1942, an earlier iteration of Section 15-1-67, the Court held that "it follows from what has been said that the action of the [cotentants] is not barred by any statute of limitation or laches ...."
 

 Id.
 

 at 539
 
 ,
 
 86 So.2d at 470
 
 . More recently, it has been recognized that in Mississippi "an omission may be considered an affirmative act in cases where there exists an affirmative duty of disclosure."
 
 Hare v. City Fin. Co.
 
 ,
 
 269 F.Supp.2d 766
 
 , 770 (S.D. Miss. 2003).
 

 ¶ 57. Brown's primary claim is that, during a time when he and McKee were fiduciaries, each to the other, McKee concealed an appraisal of company-owned property and then bought out Brown's interest for far less than the property's appraised value, in violation of his fiduciary duties to Brown. While both parties make much of whether McKee was Brown's attorney during the subject transactions, it is clear that Brown has stated a claim that McKee, apart from McKee's status as a lawyer, had fiduciary duties toward him as a function of McKee's role as a managing member of the LLCs. In the complaint, Brown alleged specifically that McKee had fiduciary duties toward him as manager of BrownE, LLC, and Brownsville Station, LLC, and that his acts and omissions had breached the duties of care, loyalty, and fair dealing and violated the relationship of trust and confidence. Indeed, "[d]irectors and officers in a closely held corporation st[and] in a fiduciary relationship with the corporation and its members."
 
 Brothers v. Winstead
 
 ,
 
 129 So.3d 906
 
 , 924 (Miss. 2014) (citing
 
 Fought v. Morris
 
 ,
 
 543 So.2d 167
 
 , 171 (Miss. 1989) ). This rationale applies to limited liability companies "with equal force."
 

 Id.
 

 ¶ 58. Regarding the discovery rule, McKee argued and the trial court found that, because Brown had access to all relevant documents and financial records, he cannot show the injury was latent. The majority relies on this reasoning. However, not only does Brown dispute McKee's contention that he had access to the relevant documents during the transactions at issue, he alleges that McKee, in violation of his duty of disclosure, concealed these documents from him and actively misled him about the value of his interest. Brown was entitled to discovery to attempt to uncover facts with which to rebut McKee's allegation that the discovery rule does not apply. Further, Brown was entitled to discovery on the issue of equitable estoppel to attempt to show that McKee's conduct induced him not to file his complaint sooner and that McKee knew or had reason to know that legal action by Brown eventually could be found to be time barred due to such inducement.
 

 ¶ 59. Concerning fraudulent concealment, discovery could lead to evidence that McKee, through his silence or otherwise, concealed relevant documents from Brown despite Brown's exercise of the amount of diligence that was due, considering the fiduciary relationship. If so, Brown could use that evidence to show that the statute of limitations was tolled due to fraudulent concealment. "Whether a plaintiff acted diligently in discovering fraud is generally a jury question."
 
 Townes
 
 ,
 
 98 So.3d at 1056
 
 .
 

 Van Zandt
 
 clearly held that a fiduciary's silence when he ought to speak can constitute fraudulent concealment that tolls the statute of limitations. The majority disputes
 
 Van Zandt
 
 's application to this case because it finds that, unlike the sale of timber in
 
 Van Zandt
 
 , in which both the sale and the proceeds from the sale were concealed from the cotenants, "Brown's sale to McKee was by no means concealed from Brown, who was a party to the sale and accepted his agreed-upon proceeds for the interest transfer." Maj. Op. at ¶ 26. But Brown's claim is not that McKee concealed the
 
 sale
 
 from him. Rather, it is Brown's position that, when McKee purchased Brown's interest, McKee concealed from Brown material facts pertinent to the sale, particularly, the value of company property, in violation of his fiduciary duty to disclose such material facts to his fellow LLC member, Brown, before buying him out for far less than the true value of Brown's interest. There is no logical or legitimate reason to distinguish the fraudulent omissions in
 
 Van Zandt
 
 from the fraudulent omissions alleged in this case.
 

 ¶ 60. The majority relies on
 
 Whitaker v. Limeco
 
 ,
 
 32 So.3d 429
 
 , 438 (Miss. 2010), to find that Brown has not stated a claim sufficient to toll the statute of limitations.
 
 Whitaker
 
 involved fraud claims, filed outside the statute of limitations, based upon misrepresentation of the value of corporate assets by the corporation's managing director.
 

 Id.
 

 at 431-32
 
 .
 
 Whitaker
 
 recognized that "[t]he proper test" of fraudulent concealment "is whether a reasonable person similarly situated would have discovered potential claims."
 

 Id.
 

 at 436
 
 . Critically, because no fiduciary relationship was implicated in
 
 Whitaker
 
 , the plaintiffs were required to prove an affirmative act of concealment.
 

 Id.
 

 at 436
 
 . In the Court's discussion of what is required to show an affirmative act of concealment, we rightly said that "an act cannot be both an act of fraud in the inducement and an act of fraudulent concealment."
 

 Id.
 

 at 438
 
 . The Court found that the plaintiffs' claims survived because they had alleged subsequent dealings and communication between the parties that amounted to fraudulent concealment of the earlier acts of fraudulent inducement.
 

 Id
 

 .
 

 at 437
 
 .
 

 ¶ 61. While
 
 Whitaker
 
 is applicable to cases in which an affirmative act of concealment is required, it is inapposite to this case, in which Brown has articulated a claim that McKee failed to disclose material facts that he was under a fiduciary duty to disclose. Under
 
 Van Zandt
 
 , a fiduciary's silence when he ought to speak can amount to fraudulent concealment that tolls the statute of limitations.
 
 Van Zandt
 
 ,
 
 227 Miss. at 539
 
 ,
 
 86 So.2d at 470
 
 . Therefore, Brown was entitled to discovery on the issue of whether a reasonable person in Brown's situation, entitled to rely, as he was, on McKee's fulfillment of his duty to disclose material facts, would have discovered his claims in the exercise of due diligence.
 

 C. Conclusion
 

 ¶ 62. I would agree with the majority's disposition of this case if Brown's claims had involved arm's-length transactions. But because McKee owed Brown a fiduciary duty of disclosure, Brown's allegation that the statute of limitations was tolled because McKee withheld material facts demands that Brown be allowed the opportunity to discover evidence to prove his tolling arguments. Certainly, Brown's statute of limitations arguments ultimately may prove to be without merit, and summary judgment thus may become appropriate. But discovery must take place before such a determination can be made. Due to the lack of discovery on the issue of the running of the statute of limitations, the trial court's grant of summary judgment was
 premature. I would reverse the grant of summary judgment and remand for further proceedings.
 

 KING AND ISHEE, JJ., JOIN THIS OPINION.
 

 See
 

 Miss. Code Ann. § 15-1-49
 
 (1) (Rev. 2012).